This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                      NO.   32,115

**ARTURO ROCHA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela Shepherd, District Judge**

Gary K. King, Attorney General
Albuquerque, NM

for Appellee

Aaron & Aaron P.C.
Scott Aaron
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Arturo Rocha (Defendant) appeals the denial of his motion to withdraw his plea based on his claim that his counsel was ineffective. We proposed to affirm in a calendar notice, and Defendant has responded with a memorandum in opposition. We have carefully considered Defendant's arguments, but we find them unpersuasive. We affirm.

"For a successful ineffective assistance of counsel claim, a defendant must first demonstrate error on the part of counsel, and then show that the error resulted in prejudice." *State v. Bernal*, 2006-NMSC-050, ¶ 32, 140 N.M. 644, 146 P.3d 289. Defendant entered a plea of guilty to crimes involving a deadly weapon. Defendant claimed that he was not properly advised regarding the immigration consequences of his plea and contends that advice that his plea could subject him to deportation was not sufficient. In our calendar notice, we relied, in part, on the district court's findings, and we referred to a letter written by defense counsel in an effort to change the plea agreement in which counsel stated that Defendant was concerned that a felony conviction "could lead to his removal." [RP 195] Defendant argues that the findings do not reflect the actual testimony offered in the district court. Instead, Defendant claims that his counsel advised him that the plea can subject him to deportation, any criminal matter could lead INS to deport him, and having the crimes on his record could lead to INS "coming to get [him]" and deport him. [MIO 3]

The crimes to which Defendant pled involved aggravated assault with a deadly weapon, which are apparently crimes that would lead to deportation as "a virtual, if not automatic or certain consequence of his plea." *See State v. Carlos*, 2006-NMCA-141, ¶ 11, 140 N.M. 688, 147 P.3d 897. [DS 15-16] In *State v. Paredez*, our Supreme Court held that "criminal defense attorneys are obligated to determine the immigration status of their clients. 2004-NMSC-036, 136 N.M. 533, 101 P.3d 799. If a client is a non-citizen, the attorney must advise that client of the specific immigration consequences of pleading guilty, including whether deportation would be virtually certain." *Id*. ¶ 19. "[W]hen a defendant's guilty plea almost certainly will result in deportation, an attorney's advice to the client that he or she 'could' or 'might' be deported would be misleading and thus deficient." *Id.* ¶ 15. In *Carlos*, we held that the general rule stated in *Paredez* is that defense counsel must determine the immigration status of the defendant, read and interpret immigration law, and specifically provide the defendant with a definite prediction as to the likelihood of deportation by advising the defendant that a guilty plea will result in almost certain or virtually certain deportation. *See Carlos*, 2006-NMCA-141, ¶ 14. If we accept Defendant's clarification of the testimony presented at trial, the advice given to Defendant by his defense counsel did not meet the requirements under *Paredez* or *Carlos* regarding the first factor in the test for ineffective assistance of counsel.

However, assuming without concluding that Defendant has shown that his counsel did not provide sufficient advice regarding the immigration consequences of his plea, Defendant has failed to demonstrate prejudice as a result of that advice. In order to establish prejudice, Defendant must provide more than his self-serving statements. *Carlos*, 2006-NMCA-141, ¶ 20. Evidence of prejudice can include pre-conviction statements, actions indicating whether or not Defendant was disposed to plead or go to trial, or information regarding the strength of the evidence against Defendant. *Id*. Defendant claims that if he had been provided with the proper advice, he would have chosen to go to trial. However, as we have noted, Defendant's self-serving statements are not sufficient to demonstrate prejudice. [MIO 6-8]

As explained in *Patterson v. LeMaster*, there is a strong correlation between the strength of evidence in support of a charge included in a plea agreement, and the likelihood that the defendant will plead guilty. 2001-NMSC-013, 130 N.M. 179, 21 P.3d 1032. When the strength of the evidence increases, the likelihood that a defendant will enter a plea instead of going to trial also increases. *Id*. ¶ 31. "[T]he purpose of evaluating the evidence is to determine whether there is a reasonable probability that the defendant would have chosen to go to trial had counsel's performance not been deficient, not to predict the outcome of a trial had defendant chosen to go to trial." *Id.* In this case, the evidence in support of the aggravated

4

assault crimes to which Defendant pled guilty was very strong. There were eyewitnesses that observed Defendant chasing the victim with a hammer and threatening to kill her. Defendant was swinging the hammer and threatened the eyewitnesses, and the victim testified that Defendant hit her with the hammer. [RP 269] Based on the strength of the evidence, we hold that Defendant has not demonstrated prejudice as a result of his counsel's conduct.

We note that Defendant argued in his docketing statement that, when there is little or no objective evidence, the question of prejudice may depend on what Defendant would have been motivated to do if he had been given adequate advice regarding the consequences of his plea. As discussed, this was not a case where there was little or no objective evidence. Defendant also claimed that, based on out-of-state authority, the prejudice factor can be satisfied if a defendant shows that he or she would have sought an "immigration safe plea." [DS 22] There appears to be no New Mexico authority to support Defendant's contention. Furthermore, he has not shown that an "immigration safe plea" was available to him. We hold that the district court was correct in concluding that Defendant did not meet his burden of establishing the prejudice factor in support of his claim of ineffective assistance of counsel.

For the reasons discussed in this Opinion and in our calendar notice, we affirm the decision of the district court.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**J. MILES HANISEE, Judge**